# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3513

_____

John H. Miller, III,                          *
                                              *
        Plaintiff - Appellant,                *
                                              *  Appeal from the United States
v.                                            *  District Court for the
                                              *  Eastern District of Missouri.
Coca-Cola Enterprises, Inc.,                  *
                                              *  [UNPUBLISHED]
        Defendant - Appellee.                 *

_____

Submitted: April 21, 2006
Filed: April 26, 2006

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

        John Miller, III brought this Title VII case against his former employer Coca-Cola Enterprises, Inc., alleging discrimination and harassment on account of his race. Coca-Cola moved for summary judgment, arguing that Miller had not made out a prima facie case of discrimination or harassment and had failed to present any evidence that race motivated its employment decisions. The district court[1] granted summary judgment to Coca-Cola, and Miller appeals. We affirm.

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

Miller began working for Coca-Cola in 1987 as a driver and remained in that position until his termination in July 2003. Prior to his termination, Miller had been placed on suspension and entered into a Last Chance Agreement as a result of an incident in which Miller swore at his supervisor and called him a racist. After signing the Last Chance Agreement, Miller received disciplinary notices for losing the two wheeled cart assigned to his truck, failing to obtain a customer's signature on an invoice, and driving longer than allowed by the Department of Transportation on three separate occasions. He was then terminated.

Miller sued Coca-Cola for discriminating against him as an African American and creating a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. He alleged that Coca-Cola had denied him a vacation day, denied him use of a company car for a parade, made him subject to the Last Chance Agreement, held him to a higher standard than other employees, and increased his workload all on account of his race. He also alleged that a fellow employee who later became his supervisor had made racist comments in the past. The district court granted summary judgment to Coca-Cola after concluding that Miller had failed to submit evidence that any similarly situated non black employee had received more favorable treatment and that a reasonable fact finder could not conclude that the work environment was hostile. It also declined to admit into evidence affidavits that Miller had submitted after the close of discovery and awarded costs of approximately $2,036.16 to Coca-Cola as the prevailing party.

Miller asserts on appeal that the district court erred by granting summary judgment to Coca-Cola because genuine issues of material fact exist and it employed the wrong legal standard. He also argues that the court erred by failing to consider his post discovery affidavits and by assessing costs to him. We review de novo the summary judgment in favor of Coca-Cola. Hesse v. Avis Rent A Car System, Inc., 394 F.3d 624, 629 (8th Cir. 2005). Summary judgment is only appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine

issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005). An issue of fact is genuine when a reasonable jury could return a verdict for the nonmoving party on the question. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Since Miller did not present direct evidence that any of the adverse employment actions were taken because of his race, we review his claims under the McDonnell Douglas burden shifting test. Griffith v. City of Des Moines, 387 F.3d 733, 736-37 (8th Cir. 2004). Miller must demonstrate that he (1) is a member of a protected class, (2) was qualified to perform his job, (3) suffered an adverse employment action, and (4) was treated differently from a similarly situated employee outside his protected class. Tolen v. Ashcroft, 377 F.3d 879, 882 (8th Cir. 2004). If Miller can do so, the burden shifts to Coca-Cola to articulate a legitimate, nondiscriminatory reason for its action and then back to Miller to show that the defendant's reason was pretextual. Hesse, 394 F.3d at 631.

Miller failed to meet his prima facie burden of proof because he did not introduce any evidence as to the treatment of similarly situated employees outside of his protected class. Although he alleges that a white man was permitted to take vacation on a day that Miller had first requested, the other employee had different job responsibilities than Miller and there is no evidence the decision was made because of race. Moreover, Miller voluntarily signed the Last Chance Agreement and was subject to termination because he was in clear violation of its terms. After reviewing the record, we conclude that Miller failed to meet his burden of creating a reasonable inference that a discriminatory motive was a determinative factor in any of the alleged adverse employment actions. Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996).

Miller also argues that the district court erred by imposing upon him the burden of showing that the adverse employment actions were taken because of his race when the appropriate legal standard is whether race was a determining factor in the employment decisions. There is no basis in the district court's opinion to infer that it employed an incorrect legal standard, however, especially since the court cited Rothmeier for the proposition that a plaintiff must present evidence that "creates a reasonable inference that a discriminatory motive was a determinative factor in the adverse employment action." Id.

To succeed on a claim under Title VII for racial harassment/hostile work environment, Miller must present evidence that (1) he is a member of a protected group, (2) he was subject to unwelcome harassment, (3) there was a causal nexus between his membership in the protected group and the harassment, (4) the harassment affected a term, condition, or privilege of employment, and (5) the employer knew or should have known about the harassing behavior, but failed to take proper action to alleviate it. Willis v. Henderson, 262 F.3d 801, 808 (8th Cir. 2001). The work environment must be so "permeated with discriminatory intimidation, ridicule, and insult . . . to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

Miller asserts that his supervisor told him that black drivers had "attitude" and "milk[ed] the clock". Miller also alleges that during the years before he became a supervisor, the same individual had made derogatory remarks about black residents in East St. Louis and referred to a black driver as "pepper". To determine whether such comments were sufficient to create a hostile work environment courts look at the frequency of the conduct, its severity, and whether it interferes with an employee's work performance. Duncan v. General Motors Corp., 300 F.3d 928, 934 (8th Cir. 2002). To avoid summary judgment a plaintiff must submit evidence that he was "singled out" because of his race and that the conduct was "severe and pervasive".

-4-

<u>Williams v. City of Kansas City, Missouri</u>, 223 F.3d 749, 753 (8th Cir. 2000). Assuming that these statements were made as we must on reviewing summary judgment, we conclude that these occasional comments were not so severe and pervasive as to permit a reasonable factfinder to decide that the conditions of Miller's employment were altered by them.

Miller's remaining complaints lack merit. He argues that the district court erred by failing to consider the affidavits of two former coworkers, but he failed to disclose these individuals during discovery. A district court maintains "wide discretion in admitting and excluding evidence," <u>Bennett v. Hidden Valley Golf & Ski, Inc.</u>, 318 F.3d 868, 878 (8th Cir. 2003), and we conclude that it did not abuse its discretion by excluding the affidavits. Miller argues that the district court erred by awarding costs to Coca-Cola given the disparity in the parties' assets. Rule 54(d) of the Federal Rules of Civil Procedure instructs that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs", and we find no abuse of discretion in its award in this case. <u>See</u> <u>Janis v. Biesheuvel</u>, 428 F.3d 795, 798 (8th Cir. 2005).

Accordingly we affirm the judgment of the district court.

_____

-5-